IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

ROLAND MATHIS,

      Petitioner,

v.                                     **Case No. 5:19-cv-00692**

D. L. YOUNG,

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court are the *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner, and Respondent's Response to the Petition in which Respondent seeks dismissal of the proceedings. (ECF Nos. 1, 7). This matter is assigned to the Honorable Frank W. Volk, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the § 2241 petition, (ECF No. 1), be **DENIED**; Respondent's request for dismissal, (ECF No. 7), be **GRANTED**; and this matter be **DISMISSED**, with prejudice, from the docket of the Court.

## I.    Factual and Procedural History

### A. Proceedings in Sentencing Court

On June 19, 2001, a federal grand jury, sitting in the Northern District of Georgia, returned an indictment charging Petitioner, Roland Mathis ("Mathis"), and a number of

co-defendants with violating a variety of federal laws related to controlled substances. *United States v. Mathis*, Case No. 1:01-cr-00470-MEF-1 (N.D. Ga. 2001) at ECF No. 1. The United States submitted five superseding indictments over a period of three years which included numerous motions, hearings, and other proceedings related to the underlying criminal case. *Id.* at ECF No. 471. On August 2, 2004, the fifth and final superseding indictment was returned, charging Mathis and his co-defendants with a variety of federal crimes. *Id.*

On November 12, 2004, following a jury trial, the jury returned a verdict finding Mathis guilty of two counts of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii) ("Counts Two and Three"); one count of conspiracy to possess with the intent to distribute cocaine and marijuana in violation of 21 U.S.C. § 841(b)(1)(A)(ii) and (vii) and § 846 ("Count Five"); one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) ("Count Six"); and eleven counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) ("Counts Seven, Eight, Thirteen, Eighteen, Twenty-Eight, Twenty-Nine, Thirty-Three"). *Id.* at ECF Nos. 671, 705 at 1.

Mathis's sentencing hearing was held on February 2, 2006 in the United States District Court for the Northern District of Georgia ("Sentencing Court."). *Id.* at ECF No. 704. By a Judgment Order entered on February 15, 2006, Mathis was sentenced to a term of 260 months imprisonment on counts Two, Three and Five, and 240 months imprisonment on all other counts, with all terms set to run concurrently. *Mathis*, Case No. 1:01-cr-00470-MEF-1 at ECF No. 705 at 2. Mathis additionally received a 10-year term of supervised release. *Id.* at 4. Mathis submitted a Notice of Appeal to the United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit") on February 20, 2006. *Id.* at ECF No. 713.

On November 13, 2007, the Eleventh Circuit's opinion denying Mathis's appeal was entered onto the docket. *Id.* at ECF No. 744. Mathis asserted seven claims in his direct appeal, arguing that the Sentencing Court erred by (1) denying him an evidentiary hearing concerning his challenge to the constitutionality of a search of his closed duffle bag from the trunk of an automobile; (2) failing to exclude statements made to the Government under a proffer agreement; (3) failing to find that Count Six was duplicitous because the United States did not indicate under which subsection of 18 U.S.C. § 1956(a)(1) it intended to proceed; (4) applying a sentencing enhancement pursuant to 21 U.S.C. § 851 on the basis that Mathis committed a prior felony drug offense; (5) sentencing Mathis under the 2005 United States Sentencing Guidelines ("Guidelines") rather than the Guidelines in effect at the time of the crimes; (6) denying Mathis's request for  a directed verdict as to Counts Seven, Fourteen, and Thirty-Three because there was insufficient evidence. *Mathis*, Case No. 1:01-cr-00470-MEF-1  ECF No. 744 at 3-12. Finally, Mathis challenged the sufficiency of the evidence as to the money laundering and substantive drug counts. *Id.* at 12.

The Eleventh Circuit concluded that the evidence presented at trial was sufficient to sustain Mathis's convictions and that the errors identified by Mathis did not entitle him to relief. *Id.* As to Mathis's claim that the Sentencing Court had erred by imposing a statutory enhancement to his mandatory minimum sentence based on a prior drug felony, the Eleventh Circuit held that any such error was harmless because the mandatory minimum imposed by the enhancement, 240 months, was equal to, and set to run concurrently with, the valid 240-month sentence on the money laundering counts. *Id.* at 11-12. The Supreme Court of the United States ("Supreme Court") denied Mathis's petition for a writ of certiorari on March 25, 2008. *Id.* at ECF No. 747 at 1.

3

On January 20, 2009, Mathis submitted a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. *Id.* at ECF No. 749. In the 72-page petition, Mathis raised a variety of claims attacking the validity of the criminal proceedings. Mathis asserted that attorneys for the United States engaged in prosecutorial misconduct as they knowingly pursued an indictment based on perjured testimony and tried Mathis on charges that were not found or charged by the grand jury. *Mathis*, Case No. 1:01-cr-00470-MEF-1 at ECF No. 749 at 4. Mathis additionally raised numerous allegations of ineffective assistance of counsel, arguing that his attorney provided deficient performance by (1) failing to meaningfully challenge the suppression of vital evidence; (2) failing to show that search of a duffel bag was invalid; (3) failing to effectively challenge the insufficiency of the evidence of a conspiracy at trial; (4) failing to request a hearing under Rule 801(d)(2)(E) which resulted in the admission of inadmissible evidence; (5) advising Mathis to give testimony against himself to his prejudice; (6) failing to effectively contest the Sentencing Court's use of the 2005 Guidelines; and, (7) failing to explain the prejudice resulting from the clearly erroneous application of the enhancement under 21 U.S.C. § 851. *Id.* at 5-7.

On April 27, 2009, Mathis filed a motion requesting leave to amend his § 2255 petition with an accompanying memorandum of law in support, as well as a motion to dismiss the indictment. *Id.* at ECF Nos. 755, 755-1, 756. In these filings, Mathis argued that Count Six of the fifth superseding indictment was not properly presented to a grand jury. *Id.* at ECF No. 755-1 at 3-4. In the accompanying motion to dismiss the indictment, Mathis highlighted various improprieties he believed occurred during the underlying criminal proceeding, arguing that the indictment was based on perjury, and his right to a speedy trial was violated. *Id.* at  ECF No. 756 at 9-14.

On August 31, 2009, the Sentencing Court entered an order denying Mathis's § 2255 petition. *Id.* at ECF No. 763. The Sentencing Court determined that Mathis's claims of prosecutorial misconduct were procedurally barred due to his failure to raise the claims on appeal, and, additionally, were without merit. *Mathis*, Case No. 1:01-cr-00470-MEF-1 at ECF No. 763 at 9, 11. The Sentencing Court found that the claims were without merit as the perjured testimony was not significant and pertained to a collateral matter, and the record revealed that Count Six of the fifth superseding indictment was properly presented to a grand jury. *Id.* at 11-12, 14. The Sentencing Court further held that Mathis had failed to demonstrate his counsel performed deficiently with respect to all of his asserted claims of ineffective assistance of counsel. *Id.* at 17-31. Finally, with respect to Mathis's claim that his right to a speedy trial was violated, the Sentencing Court determined that this claim did not relate back to the originally filed § 2255 petition and, consequently, was time-barred. *Id.* at 32-34.

Mathis appealed the Sentencing Court's denial of his § 2255 petition on October 30, 2009. *Id.* at ECF No. 765. The Eleventh Circuit denied Mathis's appeal in an order dated October 21, 2010. *Mathis*, Case No. 1:01-cr-00470-MEF-1 at ECF No. 779 at 2. Although Mathis raised a number of claims in his appeal, the Eleventh Circuit only considered the issue included in the certificate of appealability issued by the Sentencing Court—that being, whether Mathis's appellate counsel was ineffective for failing to argue that Mathis was prejudiced by the § 851 enhancement, because it increased his term of supervised release. *Id.* at 3 n.1. The Eleventh Circuit reviewed the history of Mathis's case, noting that after Mathis was indicted, the United States filed an information advising Mathis that it would seek a sentencing enhancement based on a prior state felony drug conviction. *Id.* at 3. Before sentencing, Mathis succeeded in having the prior

state felony conviction vacated, and argued at sentencing that the enhancement should no longer apply. *Id.* The United States responded by asserting that Mathis was barred from challenging the validity of his prior state conviction, because it was more than five years old. The Sentencing Court agreed with the United States and applied the enhancement, pointing out that the statute governing the sentencing enhancement at issue precluded Mathis from challenging the validity of convictions that were more than five years old. *Mathis*, Case No. 1:01-cr-00470-MEF-1 at ECF No. 779 at 3-4. The Eleventh Circuit concluded that Mathis's claim of ineffective assistance of appellate counsel was without merit, because counsel had generally objected to the Sentencing Court's application of the enhancement, which alerted the Circuit Court to both the higher minimum term of imprisonment and the higher term of supervised release. *Id.* at 5-6. The Eleventh Circuit explained that the argument raised by Mathis on appeal was novel, with very little supporting law. Consequently, his counsel acted reasonably by raising the issue, but not devoting an extensive amount of time to its development. *Id.* at 6.

On December 27, 2010, Mathis submitted a motion entitled Motion for Review of Otherwise Final Sentence per 18 U.S.C. § 3742(a). *Id.* at ECF No. 780. Mathis contended that his sentence was imposed in violation of the law as the District Judge who presided at his sentencing, Judge Jack Tarpley Camp Jr., had confessed to crimes of "moral turpitude" and had engaged in overt racism and disparate sentencing of racial minorities. *Id.* at 1. The Sentencing Court entered an order on March 14, 2011, notifying Mathis that his allegations of bias were too vague and general to permit review. Accordingly, the Sentencing Court appointed the Federal Public Defender's Office to consult with Mathis concerning his *pro se* filing and to determine if a viable motion

6

might be filed. *Id.* at ECF No. 782. On August 1, 2011, Stephanie Kearns, of the Federal Public Defender's Office, entered a notice informing the Sentencing Court that, following a review of Mathis's case, she would not be submitting a motion on Mathis's behalf. *Mathis*, Case No. 1:01-cr-00470-MEF-1 at ECF No. 788 at 1. Following a series of case reassignments and further *pro se* filings, including a request by Mathis that he be appointed new counsel, *Id.* at ECF No. 789, the Sentencing Court entered an Order on April 19, 2012, informing Mathis of its intention to recharacterize his pleadings as a petition under § 2255. *Id.* at ECF No. 794.

On May 21, 2013, Mathis entered an objection to the proposed conversion of his action to a petition under § 2255. *Id.* at ECF No. 801. Mathis requested that the Sentencing Court combine his various pleadings and consider them as a single motion for appointment for new counsel not affiliated with the Federal Public Defender program. *Id.* at 2. On June 28, 2013, the Sentencing Court summarily denied Mathis's requests that his case be reviewed under § 3742(a), and that he be appointed counsel. *Mathis*, Case No. 1:01-cr-00470-MEF-1 at ECF No. 804 at 1-2. Mathis appealed the denial of his motions to the Eleventh Circuit on July 10, 2013. *Id.* at ECF No. 806. On April 22, 2015, the Eleventh Circuit denied Mathis's appeal, concluding that the Sentencing Court did not err in dismissing Mathis's motions. *Id.* at ECF No. 818.

On April 20, 2016, Mathis submitted an application for leave to file a second or successive § 2255 petition in the Eleventh Circuit. *In re: Roland Mathis,* Case No. 16-11778, Eleventh Circuit Court of Appeals, Document No. 1. In the application, Mathis asserted that (1) Judge Camp was mentally incapacitated as evidenced by his subsequent conviction for controlled substance offenses; (2) Mathis's right to a speedy trial was violated; and, (3) Mathis's constitutional right to a fair and impartial jury was impaired

7

as co-defendants who were not ultimately tried played a role in selecting the jury. *Id.* at 8-10. The Eleventh Circuit denied Mathis's request on May 4, 2016. *Id.* at Document No. 3. The Eleventh Circuit concluded that the newly discovered evidence of Judge Camp's criminal convictions did not have bearing on Mathis's factual guilt or innocence and thus did not entitle Mathis to submit a successive habeas petition. *Id.* at 3. The Eleventh Circuit additionally concluded that Mathis's claims of a speedy trial violation and unconstitutional jury selection process did not meet the criteria for a successive habeas petition as they occurred at the time of trial and were thus available to Mathis at the time he filed his first § 2255 petition. *Id.*

On November 9, 2016, Mathis filed another request for leave to submit a second or successive habeas petition. *In re: Roland Mathis,* Case No. 16-16997, Eleventh Circuit Court of Appeals, Document No. 1. In the 92-page document, Mathis asserted a number of claims that he believed entitled him to submit a second or successive habeas petition. Mathis argued that (1) his constitutional right to a speedy trial was violated in light of the Supreme Court case *Betterman v. Montana*, 136 S. Ct. 1609 (2016); (2) Judge Camp was mentally incapacitated and racially biased; (3) the United States pretrial seizure of "untainted assets" was unlawful in light of the Supreme Court decision in *Luis v. United States*, 136 S. Ct. 1083 (2016); (4) The Sentencing Court erred in denying Mathis's motion to suppress evidence seized after an unlawful search of a duffel bag belonging to Mathis, citing to *Bram v. United States*, 168 U.S. 532 (1897); and, (5) numerous instances of prosecutorial misconduct including deceptive investigatory practices, suppression of favorable evidence, the presentation of misleading testimony, and the pursuit of an intricate scheme, concocted with the assistance of Judge Camp and Mathis's family members, to frame Mathis for the crimes of conviction. *Id.* at 8-10, 47-

8

48, 50-59.

The Eleventh Circuit denied Mathis's application on December 1, 2016, concluding that as to Mathis's claim alleging that Judge Camp was mentally incapacitated and racially biased, he failed to demonstrate that this claim established he was factually innocent of the crimes of conviction. *Id.* at Document No. 2 at 3. Mathis's various assertions regarding a conspiracy by the prosecutors and other parties to convict him was too vague and unsupported to provide relief the Eleventh Circuit concluded. *Id.* at 3. The Eleventh Circuit further held that the Supreme Court case in *Betterman* did not apply to Mathis's speedy trial claim, as that case merely held that the Sixth Amendment right to a speedy trial does not apply to a delay between conviction and sentencing and was not applicable to Mathis's case. *Id.* Next, the Eleventh Circuit dismissed Mathis's claim that he was entitled to relief under the Supreme Court's decision in *Luis,* because the decision merely clarified existing law and did not create a new right which applied retroactively on collateral appeal. *Id.* at 4. Finally, the Eleventh Circuit held that, to the extent Mathis relied on the *Bram* decision to bring his claim of an illegal search, this decision could not support a successive habeas petition as it was decided in 1897 and thus was available at the time Mathis submitted his first § 2255 petition. *Id.*

Mathis filed yet another application to file a successive § 2255 petition on April 12, 2019, contending, over the course of a 173-page document, that he should be permitted to submit a successive habeas petition based on numerous improprieties which occurred in his criminal case. Mathis contended that (1) the Sentencing Court erred by failing to require the United States to elect under which subsection of 18 U.S.C. § 1956(a)(1) it would seek a conviction; (2) the Sentencing Court erred in denying

Mathis's request for a directed verdict as to Counts Seven, Fourteen, and Thirty-Three in light of the Supreme Court decision in *United States v. Santos,* 553 U.S. 507 (2008); (3) the evidence presented at trial was insufficient to sustain Mathis's convictions for money laundering; (4) the United States impermissibly broadened the indictment; (5) the evidence was insufficient to support the convictions on Counts Two and Three; (6) his counsel provided ineffective assistance of counsel by failing to effectively point out the insufficiency of the evidence and failing to renew an objection to the indictment at the close of trial; (7) the residual clause incorporated into § 1956 is unconstitutionally vague in light of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018); and, (8) counsel provided deficient performance by failing to effectively argue that the residual clause of § 1956 was unconstitutionally vague in light of *Dimaya. In re: Roland Mathis,* Case No. 19-11396, Eleventh Circuit Court of Appeals, Document No. 1 at 8-15.

The Eleventh Circuit rejected Mathis's application on May 8, 2019. *Id.* at Document No. 3. With respect to claims 1-6, the Eleventh Circuit concluded that Mathis failed to meet the necessary criteria to receive authorization to file a successive habeas petition given that the most recent Supreme Court case he relied on to present these claims, *Santos*, was issued in 2008, and was available to Mathis when he submitted his first § 2255 petition. *Id.* at 5-6. With respect to claims 7 and 8, which relied on the Supreme Court decision in *Dimaya,* the Eleventh Circuit determined that the claims were unavailing as Mathis could not show that his case fell within the scope of the holding in *Dimaya* as his convictions did not implicate the residual clause of § 1956. *Id.* at 6-8.

### B. *Proceedings in this Court*

On August 21, 2017, Mathis submitted a petition for a writ of habeas corpus under

§ 2241 in this Court. *Mathis v. Young,* No. 5:17-cv-03851 (S.D.W. Va. 2017) at ECF No.

1. In the petition, Mathis raised a number of claims, asserting that:

> 1. Prosecutorial misconduct in violation of [Mathis's] Speedy Trial rights: The Assistant United States Attorney deprived [Mathis] of a fair trial in violation of the Fifth and Sixth Amendments where Due Process safeguards against fundamentally unfair prosecutorial conduct, by superseding the indictment five times to delay [Mathis's] trial.

> 2. The [Sentencing Court] abused its discretion in denying [Mathis's] motion to dismiss the indictment on perjured testimony to the grand jury. The Assistant United States Attorney deprived [Mathis] of a fair trial in violation of the Fifth Amendment when the Assistant United States Attorney learned that the indictment had been found on perjured testimony
> and let perjury go uncorrected.

> 3. The [Sentencing Court] erred in not conducting an evidentiary hearing when standing was granted. The [Sentencing] Court failed to point out that the [Sentencing Court] made a ruling on the suppression issues that were not discussed by the parties, and failed to allow [Mathis] an opportunity to address the [Sentencing Court's position before the [Sentencing] Court made the ruling and issued the order denying the same, in violation of [Mathis's] Due process and Fourth Amendment Rights.

> 4. The affidavit was insufficient to support probable cause of the search in violation of [Mathis's] Fourth Amendment rights. The affidavit must, first, set forth some of the underlying circumstances forming the basis of the informant's conclusion that there is illegal activity or evidence thereof on the premises. Second, it must state facts which give some assurance that the informant is a credible person.

> 5. The insufficiency of the Government's evidence at trial. The Government failed to show the evidence in court to prove the essential elements of an agreement between [Mathis] and the other conspirators named in the Fifth Superseding Indictment in violation of [Mathis's] Sixth Amendment rights.

> 6. Prosecutorial Misconduct. The Assistant United States Attorney tried [Mathis] on charges that were not found or charged by the grand jury in violation of [Mathis's] Fifth Amendment rights.

> 7. [Mathis] did not get a fair trial due to the judge's bias against him and the judge's mental incompetence. The Due Process Clause clearly requires a fair trial in a fair tribunal before a judge with no actual bias against the defendant.

8. Prosecutorial vindictiveness in re-indicting [Mathis] on more serious charges and increasing his sentencing exposure. When re-indicting an accused because the accused has exercised some procedural right, alleged charges must not be motivated by a vindictive purpose.

9. The [Sentencing] Court abused its discretion by denying [Mathis] a fair and impartial trial during *voir dire* and jury instructions. In the jury question and answer process called *voir dire*, the [Sentencing] Court demonstrated actual bias against [Mathis] and abused its discretion.

*Mathis,* No. 5:17-cv-03851 at ECF No. 8 at 6-7. On September 25, 2017, Mathis filed a motion requesting leave to amend his petition. *Id.* at ECF No. 6. Mathis sought to add to his petition the claims that (1) the prosecutors for the United States acted improperly by engaging in deceptive investigatory practices, and bad-faith plea bargaining, and utilizing coerced testimony; (2) the United States violated Mathis's Fifth Amendment right to be free from self-incrimination by utilizing statements he made under immunity; (3) denial of effective assistance of counsel as Mathis's counsel had a conflict of interest given counsel's prior representation of two witnesses who testified at Mathis's trial; (4) Mathis was prejudiced by Judge Camp's courtroom behavior and demeanor as he was excessively critical of Mathis's attorney; (5) ineffective assistance of counsel due to numerous failings by Mathis's counsel; and, (6) Mathis's detention without bond prior to trial was unconstitutional  *Id.* at 3, 10-14, 26, 27-28, 34-42.

By entry of a Proposed Findings and Recommendation ("PF&R"), United States Magistrate Judge Omar J. Aboulhosn recommended that this Court dismiss Mathis's § 2241 petition on July 26, 2018. *Id.* at ECF No. 8. The PF&R noted that, as Mathis was attempting to   challenge the legality of his sentence and convictions, he must demonstrate he was entitled to proceed via the "savings clause." *Id.* at 9-10. This Mathis failed to do, the PF&R concluded, because Mathis failed to demonstrate either that the

remedy under § 2255 was inadequate or ineffective to test his claims, or that substantive, settled law had changed subsequent to his first § 2255 petition. *Id.* at 12.

On August 16, 2018, Mathis entered an objection to the PF&R in which he contended that his convictions represented a miscarriage of justice, which could be addressed in a § 2241 claim. *Mathis,* No. 5:17-cv-03851 at ECF No. 9 at 13. In support of this assertion, Mathis largely reiterated his claims attacking the validity of his convictions. *Id.* at 13-14. Mathis additionally discussed at-length his belief that Judge Camp and other Judges who made rulings in his criminal case were biased against him. *Id.* at 18-20. Mathis further argued that the use of the 2005 Guidelines in fashioning his sentence resulted in an *ex post facto* violation. *Id.* at 21-22.

This Court overruled Mathis's objections and adopted the PF&R via a Memorandum Opinion and Order issued on October 29, 2018. *Id.* at ECF No. 10. This Court concluded that Mathis had failed to demonstrate his entitlement to use the savings clause, because he did not establish that the law had changed with respect to the validity of his convictions and sentence. *Id.* at 5. The errors of which Mathis complained "if true, were legally erroneous at the time of the trial, conviction, and sentencing" meaning that Mathis was ineligible for the exception provided by the savings clause. *Id.* This Court further concluded that the PF&R was correct in holding that transfer to the Eleventh Circuit would be futile in light of Mathis's failure to demonstrate any new law establishing the invalidity of his convictions. *Id.*

On September 23, 2019, Mathis filed the instant petition under § 2241 in this Court. (ECF No. 1). In this petition, Mathis raises a number of claims, arguing that:

> 1. The Sentencing Court erred in enhancing his sentence under 21 U.S.C. §
> 851 and § 4B1.1 of the Guidelines where the prior conviction upon which
> the enhancement was based was vacated prior to trial and sentencing.

2. The Sentencing Court erred by failing to require the United States to elect under which subsection of 18 U.S.C. § 1956(a)(1) it would seek a conviction.

3. The Sentencing Court allowed the United States to constructively amend the indictment by not requiring it to indicate the specific illegal activity that applied to the money laundering counts.

4. The Sentencing Court erred in denying Mathis's motion for a directed verdict as to counts Seven, Fourteen, and Thirty-Three in light of the decision in *Santos*.

5. Count Six was not presented to the grand jury for the fifth superseding indictment, resulting in a violation of Mathis's constitutional rights.

6. The evidence presented at trial was insufficient to sustain the money laundering convictions.

7. Mathis's right to a speedy trial was violated by excessive delay.

(ECF No. 1 at 6-9). Mathis provided a contemporaneous 143-page memorandum of law in support of his petition, in which he expounds upon the claims raised. (ECF No. 2). On November 25, 2019, Respondent entered a Response in opposition to Mathis's § 2241 petition, arguing that the petition should be either dismissed or transferred. (ECF No. 7 at 1). Respondent asserts that, as Mathis challenges the imposition of his sentence rather than its execution, he has filed a mislabeled motion under § 2255. (*Id.* at 4). Respondent additionally alleges, although without explaining why he believes this is so, that Mathis's petition may not be brought under the savings clause and should be either dismissed or transferred to the Sentencing Court. (*Id.* at 5-6).

On December 12, 2019, Mathis submitted a reply to Respondent's request that the petition be dismissed. (ECF No. 9). Mathis contends that he is entitled to proceed under § 2241 as he has identified new law, which invalidates his convictions, in the Supreme Court decision in *Santos*. (*Id.* at 1-2). Mathis additionally contends that the

14

sentence enhancement he received constitutes plain error in light of "*Johnson/[S]immons, Dimaya/Davis* and [*W*]*heeler*." (*Id*. at 7).

## II.   <u>Standard of Review</u>

Respondent requests that Mathis's § 2241 petition be dismissed. (ECF No. 7 at 1). Respondent does not articulate under which rule's authority he seeks dismissal, but, presumably, this request is made pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Respondent filed a Response concurrently with his motion to dismiss, the motion technically should be considered as one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). However, the distinction makes no practical difference as the same standard of review applies to motions to dismiss under Rule 12(b)(6) and motions for judgment on the pleadings under Rule 12(c), and both motions may be filed in habeas actions. *Id*. at 138-39; *see also Martin v. U.S. Parole Comm'n*, No. CV PWG-17-3335, 2018 WL 2135009, at *1 (D. Md. May 9, 2018).

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted).

In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, when resolving the motion without converting it into a motion for summary judgment. *Id.* The Court "may also consider documents attached to the complaint ... as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

### III.  <u>Discussion</u>

#### A. Mathis's ability to use the savings clause

Mathis argues that both his convictions and sentence were illegally imposed in light of numerous constitutional violations. (ECF No. 1). Mathis is clearly challenging the legality, rather than the execution, of his sentence and conviction. Accordingly, Mathis's action is properly brought under 28 U.S.C. § 2255, which is the exclusive remedy for challenging the validity of a federal conviction and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Although § 2241 provides a general grant of habeas corpus authority, the remedy under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.

However, § 2255(e) provides a narrow "savings clause" exception, which serves as a means by which a petitioner may challenge a conviction or sentence through a traditional writ of habeas corpus under § 2241. It states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). As indicated, the savings clause will occasionally

allow a § 2241 petition to take the place of a § 2255 motion, but not "merely ... because an individual is procedurally barred from filing a Section 2255 motion," *Vial*, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F.Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the petitioner's claim must contain all three of the following elements: (1) at the time of his conviction, the settled law of the circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d at 328, 333-34 (4th Cir. 2000).

With respect to the challenge of a sentence, the petitioner must establish that: (1) at the time of sentencing, settled law of the circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") held in *Wheeler* that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the court does not have jurisdiction to entertain the § 2241 petition. *Id.* at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or

ineffective and that he satisfies the savings clause requirements. *See Hood v. United States*, 13 Fed. Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. Feb. 20, 2014), *aff'd*, 573 Fed. Appx. 268 (4th Cir. 2014).

### 1. Governing law

Mathis was convicted in the United State District Court for the Northern District of Georgia, which sits within the appellate region of the Eleventh Circuit. As he was at the time of filing incarcerated within the jurisdiction of the Southern District of West Virginia, however, Mathis properly filed the instant § 2241 petition in this Court. "In evaluating substantive claims under the savings clause ... we look to the substantive law of the circuit where the defendant was convicted." *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019). While the law of the court of conviction governs a prisoner's substantive § 2241 claims, Fourth Circuit procedural law continues to control the disposition of the petition. *Hahn*, 931 F.3d at 301. Accordingly, the undersigned will consider Mathis's § 2241 petition under the substantive law of the Eleventh Circuit while applying the procedural law of the Fourth Circuit.

### 2. Mathis is not entitled to use the savings clause.

Mathis is seeking to raise claims which attack the validity of his convictions via a § 2241 petition nearly 14 years after they were imposed, and after having contested the convictions through an appeal, a petition under § 2255, numerous requests for leave to file successive § 2255 petitions, and a previous § 2241 petition in this Court. Throughout this extensive procedural history, Mathis has been relitigating a series of nearly identical claims which were rejected first on the merits, and subsequently have been consistently rejected on the grounds that Mathis has failed to identify a relevant and retroactively

18

applicable change in law which would allow him to attack the validity of his convictions after having previously exhausted the means of doing so.

Assuming that Mathis's indefatigable pursuit of these claims is due to misunderstanding of the relevant law, rather than the willful disregard for it, the undersigned will attempt to clearly spell out why Mathis is no longer able to pursue these claims. Persons convicted in federal court are given two opportunities to challenge the validity of their convictions, a direct appeal, and a habeas petition under § 2255. After these options have been exhausted, the prisoner's convictions are final, and he may not continue litigating the validity of his convictions absent special circumstances. In order to raise new claims which challenge the finality of a conviction or sentence, an inmate must point to *new* law, meaning law that was not available during the direct appeal or the initial § 2255 petition, which establishes that his conviction or sentence is now invalid. A successive habeas petition, or petition under § 2241, is not available as means to relitigate issues previously decided on the grounds that the determination was in error, nor is habeas relief available for claims that could have been raised, but were not, in a direct appeal or first § 2255 petition. Turning to the claims raised in this petition, the claims are unavailing because they all either were, or could have been, previously litigated in Mathis's initial habeas proceeding.

> i.)    *Claim that the Sentence Enhancement under § 851 was*
>        *unconstitutional*

Mathis contends that the Eleventh Circuit erred by not addressing his assertion that the sentencing enhancement he received pursuant to § 851 was improper. (ECF No. 2 at 11). Mathis puts forth a number of allegations under this claim, making the exact contours of his legal arguments indistinct. Fundamentally, however, Mathis asserts that

because the prior felony upon which the enhancement relied was vacated before trial, the use of the enhancement at sentencing was invalid. Mathis successfully vacated the predicate drug felony prior to trial, but after the indictment and information alerting Mathis to the United States' intent to file for an enhancement were filed. *Mathis*, Case No. 1:01-cr-00470-MEF-1 at ECF No. 779 at 3.

Mathis spends a significant portion of his memorandum of law discussing legal arguments related to the landmark Supreme Court decision, *Johnson v. United States,* 135 S. Ct. 2551 (2015) and its progeny. (ECF No. 2 at 13-20). In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague, rendering a sentence enhancement made pursuant to it, illegitimate. *See* 135 S. Ct. at 2555. The ACCA mandated a higher sentence for those who had received three prior convictions which were deemed either a "serious drug offense" or a "crime of violence," which was defined by the Act as, among other things, any crime that "presents a serious potential risk of physical injury to another." *Id.* The *Johnson* Court held that definition of a crime of violence to be unconstitutionally vague, but left unaltered the other provisions of the Act. *Id.* at 2563. Subsequently, in *Sessions v. Dimaya*, 138 S. Ct. 1204, 1210-11 (2018), the Supreme Court determined that the similarly worded residual clause contained in 18 U.S.C. § 16(b) was also unconstitutionally vague.

While the argument that Mathis makes with respect to these cases—an argument that discusses the applicability of the ACCA and the "crime of violence" definition of the career offender Guidelines enhancement to his sentence—is difficult to parse, (ECF No. 2 at 13-14), it is clear that the *Johnson* line of decisions ***do not have any*** effect on Mathis's sentence. His sentence was enhanced because the prior felony employed

qualified as a prior drug felony, not as a crime of violence. *Mathis*, Case No. 1:01-cr-00470-MEF-1 at ECF No. 744 at 11-12. Therefore, the line of cases which began with *Johnson* and dealt with residual clause definitions of crimes of violence are simply not applicable to the enhancement in Mathis's case. Accordingly, these cases do not allow Mathis to use the savings clause.

Mathis additionally argues that the enhancement was unconstitutional because the sentence of 260 months he received was more than the statutory maximum available for the money laundering convictions. (ECF No. 2 at 21). Mathis explains that the maximum available sentence under § 1956(a) that he could receive was 240 months, meaning that the enhancement, which resulted in a sentence of 260 months, was in fact prejudicial and should have been overturned. (*Id.*).

Mathis argues that he may bring this claim via the savings clause, because it is a "simmons-related claim." (ECF No. 2 at 26). Presumably, Mathis is referring to *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), a case to which he later cites. (ECF No. 2 at 28-29). In *Simmons*, the Fourth Circuit held that a mandatory sentence under 21 U.S.C. § 851 was invalid as the prior drug felony which the district court relied on to impose the sentence enhancement was not a conviction which was "punishable by imprisonment for a term exceeding one year," a requirement for the enhancement to apply. *See* 649 F.3d at 243, 250. This case does not allow Mathis to proceed with his petition via § 2241 for two reasons.

First, as previously noted, when determining whether a petitioner may utilize the savings clause, the substantive law of the circuit where the petitioner was convicted is applied. *Hahn*, 931 F.3d at 301. *Simmons* was decided in the Fourth Circuit. Thus, it did not, and could not, change the legality of Mathis's sentence, which was imposed in the

Eleventh Circuit. Second, *Simmons* did not change the legality of Mathis's sentence even assuming it were applicable. The holding in *Simmons* dealt with the proper method of calculating whether a prior conviction permitted a punishment of up to one year, a matter not at issue in Mathis's case. Accordingly, the *Simmons* case does not permit Mathis to utilize the savings clause.

Finally, Mathis contends that the Sentencing Court erred by using the version of the Guidelines in effect at sentencing rather than an earlier version in effect at the time Mathis committed the crimes, resulting in an improper sentence. (ECF No. 2 at 31). Mathis discusses this claim at length, but does not indicate how the law has changed with respect to this claim, and instead largely cites to law which was in place at the time of his conviction, contending that the decision was in error at the time it was made. (*Id.* at 31-40). Mathis cites to one Eleventh Circuit case, *United States v. Bergman*, 852 F.3d 1046 (11th Cir. 2017), which was decided after the conclusion of his § 2255 petition. (ECF No. 2 at 37). In that case, the Eleventh Circuit upheld the conviction of a defendant, and rejected his argument that he withdrew from a conspiracy by resigning from his position. *See* 852 F.3d at 1056. Mathis does not assert that this case represented a new rule of law which applies retroactively and changes the legality of his sentence or convictions, and it is apparent that the *Bergman* case did not do so as it merely applied existing law in a holding that was unfavorable for the defendant.[1]

Consequently, under this ground, Mathis provides no evidence of a substantive change in the law, which renders his previously legal conviction or sentence now illegal,

---

[1] Mathis additionally in this section cites to the Eleventh Circuit case *United States v. Williams*, 782 F. App'x 807, 808 (11th Cir. 2019), during a discussion of discretionary sentencing available to district courts. (ECF No. 2 at 30-31). That case merely affirmed the sentence of a defendant as not substantively unreasonable and did nothing to affect the legality of Mathis's sentences or convictions.

as is necessary to proceed under the savings clause. Instead, Mathis argues that the various errors he raises were apparent at the time they occurred. Accordingly, they could have been raised in his first § 2255 petition and may not be raised via the savings clause in this Court. The undersigned thus **FINDS** that this claim should be dismissed.

### ii.) Claim that the United States did not elect under which subsection of § 1956(a) it would proceed

Mathis argues that the Sentencing Court erred by not requiring the United States to indicate what conduct specifically would form the basis of a conviction under § 1956(a). (ECF No. 1 at 7). Section 1956 prohibits individuals from using proceeds which were obtained as the fruits of illegal activity in a variety of financial transactions, including those designed to promote the continuance of the illegal activity, or those designed to conceal the illicit provenance of the funds obtained as a result of the criminal activity. *See* 18 U.S.C.§ 1956(a)(1)(A)(i) and (B)(i). Mathis argues that his convictions under this statute are invalid as the United States failed to indicate whether it intended to obtain the convictions on the theory that Mathis violated the subsection forbidding the promotion of illegal activity using illicit proceeds, or the subsection forbidding the concealment of the illicit nature of funds obtained as a result of illegal activity. (ECF No. 2 at 44-45).

Mathis cites to a number of cases regarding this argument; however, these largely either predate his convictions and sentencing, or were issued by circuits other than the Eleventh Circuit. (*Id.* at 43-46). Mathis submitted his initial habeas petition on January 20, 2009, and it was denied by the Sentencing Court on August 31, 2009. *Mathis*, Case No. 1:01-cr-00470-MEF-1 at ECF Nos. 749, 763. Consequently, only caselaw from the Eleventh Circuit or Supreme Court issued after those dates, and which retroactively

invalidated the legality of Mathis's convictions, could form the basis for allowing Mathis to utilize the savings clause. Mathis cites to no cases which meet this criteria.

Mathis relies most heavily on the decision by the Supreme Court in *Santos*. (ECF Nos. 2 at 44, 9 at 1-2). However, this decision was issued on June 2, 2008 and, consequently, was available to Mathis at the time he submitted his first § 2255 petition. *See Santos,* 553 U.S. 507. This means that Mathis is unable to meet the savings clause requirement that *subsequent* to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal. *In re Jones*, 226 F.3d at 328.

Mathis asserts in his memorandum of law that he should be entitled to rely on *Santos* in this § 2241 petition, because it was issued shortly before he filed his first § 2255 petition, and he did not uncover it prior to filing the petition due to a lack of resources available in the prison library. (ECF No. 2 at 96-97). These arguments are unavailing. The Fourth Circuit has made clear that in order to challenge a conviction through the savings clause, a petitioner must demonstrate that his remedy under § 2255 was an inadequate mechanism to raise the claim sought, and that this was so because the law changed *subsequent* to the petitioner's first § 2255 petition. *See Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). As such, if a new decision is issued after a petitioner is convicted, but before he submits his first § 2255 petition, he may not utilize the savings clause to bring a claim which relies on the decision, because he could have done so in the initial § 2255 petition. *Id.*

Mathis's argument that he was not aware of the decision in *Santos* during the time of his initial § 2255 proceeding does not suffice to demonstrate that the remedy under § 2255 was an inadequate or ineffective remedy. *See United States v. Sosa*, 364

F.3d 507, 512 (4th Cir. 2004) (a *pro se* litigant's ignorance of the law is not a basis for excuse of procedural bars). Mathis's assertion that he was unable to uncover the case in a timely fashion due to inadequate prison legal resources is likewise insufficient to demonstrate that the *Santos* decision could not have been raised in his first § 2255 petition. *See Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007) (inmate's transfer to different institution and lack of access to legal resources did not establish extraordinary circumstances entitling the inmate to circumvent procedural barrier to petition); *see also Garvin v. Eagleton*, No. CIV.A. 8:12-01165, 2013 WL 3821482, at *2 (D.S.C. July 23, 2013) (claim that case was not available in law library not sufficient to overcome statute of limitations); *Fallen v. Clarke*, No. 7:18CV00539, 2019 WL 4040698, at *3 n.4 (W.D. Va. Aug. 27, 2019), *appeal dismissed*, No. 19-7440, 2019 WL 8359566 (4th Cir. Dec. 9, 2019) (claim that prisoner's failure to earlier uncover case law should be excused due to lack of legal training, limited access to law library and computer, and transfer was unavailing); *Grissett v. North Carolina*, No. 5:17-HC-2193-FL, 2019 WL 1387688, at *4 (E.D.N.C. Mar. 27, 2019) (claim that delay should be excused due to lack of library at institution denied); *Jenkins v. Johnson*, No. CIV.A. 2:09CV32, 2009 WL 1923938, at *4 (E.D. Va. June 29, 2009) ("[D]elays due to seeking legal advice and related allegations of inadequate prison law libraries have consistently been held not to constitute the 'extraordinary circumstances' to warrant the application of equitable tolling.").

As with respect to this claim, Mathis has not shown that the settled and substantive law changed subsequent to the conclusion of his first § 2255 petition, rendering his convictions invalid, the undersigned **FINDS** that Mathis is unable to bring this claim in a § 2241 petition.

*iii.) Claim that the United States constructively amended the indictment*

Mathis contends that as a result of the United States' failure to indicate under which subsection of § 1956(a) it intended to obtain a conviction at trial, the indictment was constructively amended. (ECF No. 1 at 7). Mathis argues that the jury was not instructed whether it should find that he laundered money by acting to promote illegal activity, or if it should instead find that he laundered money by engaging in actions intended to conceal criminal activity, and this failure to distinguish constructively amended the indictment and resulted in unconstitutional convictions. (*Id.* at 47-50). Mathis also argues under this ground, that he can show there were in fact three separate conspiracies related to the illegal activity with which he was charged. (*Id.* at 50-52). Although the legal basis on which he believes that this entitles him to relief is not entirely clear, he appears to assert that this resulted in a lack of sufficient evidence to tie the financial transactions to the underlying criminal activity, which rendered the transactions illegal. (*Id.* at 52).

This claim suffers from the same fatal flaw as presented in Mathis's substantive claim that the Government's failure to elect under which provision of § 1956(a) it would obtain the money laundering convictions  violated Mathis's constitutional rights. Namely, Mathis fails to show that the law has changed with respect to the legality of his convictions. Mathis does not cite to any Eleventh Circuit or Supreme Court case that occurred after his first § 2255 petition. The thrust of his argument is that his convictions were illegal when they were obtained, and that they continue to be so. Such a claim may not be raised through the savings clause. *See Barnett v. Quintana*, No. 5:18-CV-00279, 2018 WL 7078579, at *8 (S.D.W. Va. Dec. 18, 2018), *report and recommendation adopted*, No. 5:18-CV-00279, 2019 WL 267731 (S.D.W. Va. Jan. 18, 2019), *appeal*

*dismissed*, 770 F. App'x 94 (4th Cir. 2019) (collecting cases). Accordingly, the undersigned **FINDS** that this claim should be dismissed.

### iv.) Claim that the Sentencing Court erred in denying Mathis's motion for a directed verdict

Mathis argues that the Sentencing Court erred by denying his request for a directed verdict as to Counts Seven, Fourteen, and Thirty-Three in light of the decision in *Santos*. (ECF No. 1 at 8). Mathis elaborates on this claim in his memorandum of law, explaining that he believes the United States failed to prove the funds used to purchase automobiles and real estate property were the proceeds of criminal activity. (ECF No. 2 at 53-55). Mathis again relies primarily on the Supreme Court decision in *Santos,* as well as citing to a Tenth Circuit case from 1994, and Eleventh Circuit case decided in 1999. (*Id.* at 57). As previously explained, *Santos* was decided in 2008, before Mathis submitted his first § 2255 petition, and consequently cannot support a claim under the savings clause. *Jones*, 226 F.3d at 328. Mathis points to no other cases which occurred after the conclusion of his first § 2255 petition and which changed the legal status of his convictions or sentence with respect to this claim. Accordingly, the undersigned **FINDS** that this claim should be dismissed.

### v.) Claim that Count Six of the fifth superseding indictment was not presented to the grand jury

Mathis argues that his constitutional rights were violated by the United States because Count Six of the fifth superseding indictment was not presented to a grand jury, leading to a violation of Mathis's Fifth Amendment rights. (ECF No. 1 at 9). Mathis contends that the United States' attorney did not present evidence related to Count Six during the presentation of the fifth superseding indictment. (ECF No. 2 at 61). Mathis discusses his contention that this failure resulted in a violation of his constitutional

rights at length, but does not specifically address why he believes this claim may be raised using the savings clause. (*Id*. at 61-74). Furthermore, while Mathis cites to a number of cases during this discussion, none represent controlling and substantive law that postdates the conclusion of Mathis's first § 2255 petition and could conceivably serve to permit Mathis to challenge the validity of his conviction in a § 2241 petition. Accordingly, the undersigned **FINDS** that this claim may not be brought via the savings clause and that this Court therefore does not have the jurisdiction to hear the claim.

### vi.) *Claim that the evidence submitted at trial was insufficient*

Mathis asserts that the evidence presented at trial was insufficient to sustain convictions of money laundering in light of the Supreme Court decision in *Santos*. (ECF No. 1 at 9). Mathis provides extensive discussion of this claim in his memorandum of law, arguing that the evidence presented failed to establish that the financial transactions at issue involved the profits of unlawful activity or were intended to conceal the illicit nature of the funds used. (ECF No. 2 at 75-76). Mathis further discusses at length the scarcity of the evidence presented at trial which revealed that he provided the funds used in a number of financial transactions which formed the basis for the money laundering convictions. (*Id*. at 78-85).

As previously discussed, the Supreme Court decision in *Santos* provides an insufficient basis to allow Mathis to use the savings clause, as it was issued prior to the submission of his first § 2255 petition, preventing Mathis from showing that § 2255 was an inadequate remedy to raise a claim based on the decision. The only case to which Mathis cites that could conceivably allow him to use the savings clause with respect to this claim is a 2013 Eleventh Circuit decision, *United States v. Florez*, 516 F. App'x 777 (11th Cir. 2013). (ECF No. 2 at 77). However, that case did not create a new rule of law,

nor alter existing substantive law, but merely explained the established standard of proof that the United States must meet in order to sustain a conviction under § 1956(a). *Id.* at *783. Mathis does not contend that this claim is viable through the savings clause, and it is apparent from a review of the case that he would not be successful were he to do so. Accordingly, as Mathis has not demonstrated that it relies on a substantive change of law which has been applied retroactively and which alters the legality of Mathis's convictions the undersigned **FINDS** that this claim may not be raised in a § 2241 petition.

### vii.) *Claim that there was delay surrounding indictment*

Mathis contends that the delay preceding the fifth superseding indictment amounted to a violation of his due process rights. (ECF No. 1 at 9). Mathis explains in his memorandum of law that his trial was delayed extensively due to numerous superseding indictments submitted by the United States. Mathis believes this lengthy delay was part of a scheme employed by attorneys representing the United States to gain a "tactical advantage" in the proceedings. (*Id.* at 102). Mathis states that the lengthy delay between the date of the first indictment and the date of his trial resulted in prejudice given that many of the witnesses were no longer able to recall the events at issue in trial. (*Id.* at 119-121).

Mathis fails to demonstrate that this claim is premised on a change in the law, which upset the settled legality of his convictions. Instead, Mathis merely attempts to relitigate a claim that was available to him at the time it occurred, and which Mathis has repeatedly raised in prior proceedings. Mathis does not explain why he believes this claim is eligible to be heard via the savings clause, and no valid reason appears upon review of his petition. Mathis cites to two cases from the Supreme Court which postdate

his first § 2255 petition, *United States v. Tinklenberg*, 563 U.S. 647 (2011), and *Betterman v. Montana*, 136 S. Ct. 1609 (2016); however, neither case allows him to challenge his convictions and sentences under the savings clause. (ECF No. 2 at 117, 132). In *Tinklenberg*, the Supreme Court considered whether time during which certain pretrial motions were pending should automatically be considered as days excluded for calculation purposes of the Speedy Trial Act, or if they should only be considered as excluded upon a showing that the motion in question actually resulted in a delay in the trial. *See id.* at 650. The *Tinklenberg* Court concluded that pretrial motions should automatically fall into the exception provision, and a demonstration that the filing of the motion actually resulted in delay was not necessary. *Id.* In *Betterman*, the Supreme Court concluded that the Sixth Amendment right to a speedy trial did not apply to a delay between conviction and sentencing. *See* 136 S. Ct. at 1612.

Mathis has not indicated that either of these cases changed the substantive law with respect to his claim of a Sixth Amendment violation, and it is not apparent how either claim would strengthen his assertion that such a violation occurred. Neither case is relevant to Mathis's allegation his trial was unconstitutionally delayed. As Mathis has pointed to no new law which could conceivably allow him to revisit the legality of his finalized convictions via a petition under § 2241, the undersigned **FINDS** that this Court lacks jurisdiction over this claim.

### B. Transfer or dismissal of the petition.

Inasmuch as Mathis's claims are not properly brought under § 2241, his petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). If this Court chooses to dismiss Mathis's action, then he will be required to pursue his claim in the United States District Court for the Northern

District of Georgia. Unlike § 2241 petitions, which are brought in the district where the petitioner is incarcerated at the time that he files his petition, *see United States v. Poole,* 531 F.3d 263, 264 (4th Cir. 2008), § 2255 directs the movant to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a).

The Court could construe Mathis's petition as a § 2255 motion and transfer it to the sentencing court; however, the undersigned **FINDS** no purpose in this exercise. Mathis's apparent lack of authorization from the Eleventh Circuit to file a successive § 2255 motion, as required by § 2255(h) and 28 U.S.C. § 2244(b)(3)(A), eliminates any benefit to be gained from a transfer to the sentencing court. *See Harris v. Hogsten*, No. 1:13-11595, 2013 WL 6008496, at *2 (S.D.W. Va. Nov. 13, 2013); *Satcher v. Hogsten*, No. 1:13-0466, 2013 WL 5674856, at *2 (S.D.W. Va. Oct. 17, 2013); *see also United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").

As an alternative, this Court may exercise its authority under 28 U.S.C. § 1631, recharacterize the petition as a motion for pre-filing authorization, and transfer it to the Eleventh Circuit for consideration. Title 28 U.S.C. § 1631 provides as follows:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ... and the action ... shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

Notably, the Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions;" instead, leaving district courts the discretion to

31

determine whether the transfer of an unauthorized successive petition is "in the interest of justice." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). A district court may dismiss, rather than transfer, a petition that is meritless or time-barred. *United States v. McNeill*, 523 Fed. Appx. 979, 984 (4th Cir. 2013) (citing *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999)) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources) and *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1001 (Fed. Cir. 1987) (declining to transfer claims under § 1631 that were frivolous).

For an appellate court to grant a request to file a second or successive § 2255 motion, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Winestock,* 340 F.3d at 205. In considering whether a pre-filing authorization motion should be granted, the Fourth Circuit considers "whether the applicant made the requisite prima facie showing about a new rule of constitutional law," and whether the successive motion would be time-barred. *In re Vassell*, 751 F.3d 267, 270-71 (4th Cir. 2014).

In this case transferring Mathis's claims to the Eleventh Circuit for consideration as a request for leave to file a successive habeas petition would be futile. As discussed above, as to all of his claims, Mathis has failed to demonstrate that they rely on new law, much less a new rule of constitutional law issued by the Supreme Court which applies retroactively on collateral review, as is necessary to proceed under § 2255(h)(2). Mathis additionally alleges no new facts which would entitle him to proceed under § 2255(h)(1).

Transfer would also be futile due to the fact that the Eleventh Circuit has previously considered and rejected three requests for leave to file a successive application submitted by Mathis which raised claims identical to, or variations of, the claims raised in this petition. *See In re: Roland Mathis,* Case No. 16-11778; *In re: Roland Mathis,* Case No. 16-16997; *In re: Roland Mathis,* Case No. 19-11396. Indeed, large swaths of the petition submitted in this case appear to have been copied directly from previously unsuccessful litigation pursued in the Eleventh Circuit. Consequently, to transfer claims to the Eleventh Circuit, which it has already reviewed and rejected, would undoubtedly be a waste of judicial resources. The undersigned therefore **FINDS** that transfer of Mathis's claims to the Eleventh Circuit is not appropriate as such a transfer would be futile.

## IV.   <u>Proposal and Recommendations</u>

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DENIED;** that Respondent's request for dismissal, (ECF No. 7), be **GRANTED;** and that this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file

33

with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Volk, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Petitioner and counsel of record.

**FILED:** July 30, 2020

Cheryl A. Eifert
United States Magistrate Judge